Filed 11/6/15  P. v. Moreno CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE MORENO,<br><br>    Defendant and Appellant. | E062614<br><br>(Super.Ct.No. FCH03290)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part, reversed in part.

Neil F. Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

The Three Strikes Reform Act of 2012, added by Proposition 36 (as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Proposition 36 or the Act) created a postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. (See Pen. Code, §§ 667, 1170.12, 1170.126.)[1] If such an inmate meets the criteria enumerated in section 1170.126, subdivision (e), he or she will be resentenced as a second strike offender unless the court determines such resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.)

After the Act went into effect, defendant and appellant Joe Moreno, an inmate serving an indeterminate term of 25 years to life under the "Three Strikes" law, petitioned to have his sentence recalled and for resentencing under the Act. The trial court considered defendant's sentence as a whole and determined defendant was ineligible for resentencing because of his conviction for residential burglary (§ 459), a serious felony, and denied the petition. Defendant appealed and argues his petition should be considered on a count-by-count basis.[2]

---

[1] All future statutory references are to the Penal Code, unless otherwise stated.

[2] Denial of the petition is an appealable order. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597-598.)

In light of *People v. Johnson* (2015) 61 Cal.4th 674, 695 (*Johnson*), we find defendant was ineligible for resentencing with respect to his conviction for residential burglary, but was eligible for resentencing with respect to his conviction for receiving stolen property, which is not a serious or violent felony. Accordingly, we affirm in part and reverse in part, and remand the matter for further proceedings.

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 1999, defendant burglarized a residence and was later arrested in possession of a wallet belonging to a man who lived at the burglarized residence.

On January 20, 2000, a jury convicted defendant of residential burglary (§ 459) and receiving stolen property (§ 496, subd. (a)). In a bifurcated proceeding, the trial court found true that defendant had suffered three prior serious or violent felony strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), to wit, two first degree burglaries (§ 459) and one robbery (§ 211). Defendant was sentenced to an indeterminate term of 25 years to life for each count, but the term for the receiving stolen property count was stayed under section 654.

On November 3, 2014, defendant petitioned the trial court for a recall of his sentence pursuant to section 1170.126. In support, he submitted a number of documents, including those attesting to his participation in, and completion of, various rehabilitative courses and work supervisor's reports. The People did not file an opposition.

3

On November 25, 2014, the trial court denied the petition, finding defendant was ineligible for resentencing under section 1170.126 due to his current commitment offense of residential burglary.

## II

## DISCUSSION

Insofar as is pertinent to this appeal, in order for an inmate to be eligible for resentencing under the Act, he or she must be serving an indeterminate term of life imprisonment imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Defendant's conviction for receiving stolen property meets this requirement; however, his conviction for residential burglary does not. (§§ 667.5, subd. (c)(21) & 1192.7, subd. (c)(18).)

Defendant correctly argues that he nevertheless is eligible for resentencing on his conviction for receiving stolen property, even though he was ineligible for resentencing on his conviction for residential burglary. He therefore asserts the trial court erroneously denied his petition and the matter should be remanded. The People agree.

After defendant filed his opening brief, the California Supreme Court resolved a split of authority on the issue of the eligibility for resentencing of an inmate serving an indeterminate life sentence for several offenses, only some of which are neither serious nor violent felonies. (*Johnson*, *supra*, 61 Cal.4th 674.) The court rejected the argument

4

that "resentencing is allowed only if all of a prisoner's current offenses are neither serious nor violent . . . ." (*Id.* at p. 688.) It held that an inmate's eligibility for resentencing must be evaluated on a count-by-count basis (*ibid.*), and the inmate "is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*Id.* at p. 695.)

The People concede that defendant's current conviction for receiving stolen property is not defined as a violent felony by section 667.5, subdivision (c), or as a serious felony by section 1192.7, subdivision (c). Because "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis" (*Johnson*, *supra*, 61 Cal.4th at p. 688), defendant is entitled to a remand so the trial court can exercise its discretion to determine whether resentencing him as a second strike offender on that conviction only "would pose an unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)).

## III

## DISPOSITION

The order denying defendant's petition to recall his sentence is affirmed with respect to defendant's conviction for residential burglary in violation of Penal Code section 459. The order is reversed with respect to his conviction for receiving stolen property in violation of Penal Code section 496, subdivision (a). The matter is remanded to the trial court with directions to find defendant eligible for resentencing under the Act

as to that conviction only, and to proceed as described in subdivision (f) of section 1170.126 of the Penal Code.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

6